# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| RAYMOND E. LUMSDEN #2109472 | § | |
| | § | |
| V. | § | W-20-CV-113-ADA |
| | § | |
| LORIE DAVIS, et al. | § | |

## ORDER

Before the Court is Defendants' Motion for Protective Order (#31). Defendants previously filed a Motion to Dismiss (#10), which the Court converted to a Motion for Summary Judgment (#13). On June 15, 2020, Defendants filed a supplemental brief in support of summary judgment to which they attached several affidavits and other records (#23). Plaintiff subsequently filed a brief in opposition (# 27) and the matter is now ripe for adjudication.

On September 28, 2020, Defendants received Plaintiff's request for admissions. Defendants object to this request on the grounds that they have raised the issue of qualified immunity in their summary judgment briefing and have attached to that briefing all the evidence the Court needs to resolve the issue of qualified immunity. Defendants therefore request the Court relieve them from responding to any further discovery requests from Plaintiff until it rules on their motion for summary judgment.

In *Harlow*, the Supreme Court held that until the issue of immunity is resolved, discovery should not be allowed. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). However, not all discovery is forbidden; only discovery which is either avoidable or over broad. *Lion Boulos v. Wilson*, 834 F.2d 504, 507 (5th Cir. 1987). The Fifth Circuit has

stated "when the district court 'is unable to rule on the immunity defense without further clarification of the facts' and when the discovery order is 'narrowly tailored to uncover only those facts needed to rule on the immunity claim' an order allowing such limited discovery is neither avoidable nor overly broad." *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (quoting *Lion Boulos*, 834 F.2d at 507-08).

It is therefore **ORDERED** that Defendants' Motion for Protective Order (#31) is granted in part.

It is finally **ORDERED** that discovery is limited to that which is necessary to address the qualified immunity issue.

**SIGNED** on October 13, 2020

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE